IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-283-N |
| PHILIP RUSSELL ARCHIBALD (01) | |

**PLEA AGREEMENT**

Philip Russell Archibald, the defendant, John Oliphant, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense;

    e. against compelled self-incrimination; and

    f. the right to have your case presented to a federal grand jury.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in the Superseding Information charging the following: Count One - Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841 and 846; Count Two – Possession

with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; Count Three - Use of the Mail in Causing or Facilitating a Controlled Substance Offense, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; Count Four – Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(3); Count Five - Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; Count Six - Use of the Mail in Causing or Facilitating a Controlled Substance Offense, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; Count Seven - Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841 and 846; and Count Eight - Interstate Transmission of Threatening Communications, in violation of 18 U.S.C. § 875(c). The defendant understands the nature and elements of the crimes to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

1. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment – Counts One, Two and Five not to exceed 10 years on each count, Counts Three and Six not to exceed 4 years on each count, Count Four not to exceed 10 years, Count Seven not to exceed twenty years, and Count Eight not to exceed five years;

   b. a fine – Counts One, Two and Five not to exceed $500,000, Counts Three, Four, Six and Eight not to exceed $250,000, and Count Seven not to exceed $1,000,000;

   c. a term of supervised release of not more than 3 years on Counts One through Six and Eight, and at least 3 years on Count Seven, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100 on each count;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

2.    **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

3.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court,

but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

4. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $800.00, in satisfaction of the mandatory special assessment in this case.

5. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable

financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

6. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, specifically the forfeiture of all property, real or personal constituting or derived from, the proceeds obtained, directly or indirectly, as a result of the offenses charged in the Superseding Information, or property that was used or intended to be used, in any manner or part, to commit or facilitate the commission of the offenses. Further, the defendant agrees that the following firearms and ammunition are subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c):

    a. Sun City Machinery Co. Model Stevens 320 12-gauge shotgun, bearing serial number 133766K;

    b. Smith & Wesson M&P Shield EZ 380 caliber handgun, bearing serial number RDN0810;

    c. Matrix Aerospace Corporation Model MA-15 rifle, bearing serial number 556-05795;

    d. Nodak Spud NDS-3 rifle, bearing serial number M003245;

    e. Assorted shotgun shells;

    f. 5.56 ammunition;

    g.    380 caliber ammunition;

    h.    7.62x39 ammunition;

    i.    Any firearm magazines; and

    j.    Any other ammunition.

The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

    7.    **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty, in this case. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment against this defendant. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 27th day of ~~February~~ April 2021.

                                               PRERAK SHAH
                                               ACTING UNITED STATES ATTORNEY

                                               TIFFANY H. EGGERS
                                               Assistant United States Attorney
                                               Florida Bar No. 0193968
                                               1100 Commerce Street, 3rd Floor
                                               Dallas, Texas 75242
                                               Tel: 214-659-8600
                                               Fax: 214-659-8805
                                               Email: Tiffany.Eggers@usdoj.gov

                                               ERRIN MARTIN
                                               Section Chief

     I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     4/26/21
PHILIP RUSSELL ARCHIBALD     Date
Defendant

     I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____     4/26/21
JOHN OLIPHANT     Date
Attorney for Defendant