IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:20-CR-283-N |
| PHILIP RUSSELL ARCHIBALD (01) | |

## FACTUAL RESUME

In support of Philip Russell Archibald's plea of guilty to the offenses in Counts One through Eight of the Superseding Information, Archibald, the defendant, John Oliphant, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841 and 846, that is, Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*: That two or more persons, directly or indirectly, reached an agreement to distribute and possess with intent to distribute anabolic steroids, a Schedule III controlled substance;

*Second*: That the defendant knew of the unlawful purpose of the agreement;

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth*: That the overall scope of the conspiracy involved anabolic steroids including, testosterone propionate, trenbolone acetate and trenbolone enanthate.

---

[1] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2020) modified to remove reference to the quantity.

Factual Resume—Page 1

To prove the offenses alleged in Counts Two and Five of the Superseding Information, charging a violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, that is, Possession with Intent to Distribute a Controlled Substance, the government must prove each of the following elements beyond a reasonable doubt:[2]

| | |
|---|---|
| First: | That the defendant knowingly possessed a controlled substance; |
| Second: | That the substance was in fact testosterone propionate, trenbolone acetate and trenbolone Enanthate; and |
| Third: | That the defendant possessed the substance with the intent to distribute it. |

Testosterone propionate, trenbolone acetate and trenbolone enanthate are anabolic steroids, as defined in 21 U.S.C. § 802(41).

To prove the offenses alleged in Counts Three and Six of the Superseding Information, charging a violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2, that is, Use of the Mail in Causing or Facilitating a Controlled Substance Offense, the government must prove each of the following elements beyond a reasonable doubt:[3]

| | |
|---|---|
| *First*: | That the defendant knowingly or intentionally used a "communication facility" as charged; and |
| *Second*: | That the defendant used the "communication facility" with the intent to commit or facilitate the commission of the felony offense of *possession with intent to distribute a controlled substance*, as that offense has been defined in these instructions. |

The term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or

---

[2] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2020).
[3] Fifth Circuit Pattern Jury Instruction 2.96 (5th. Cir. 2020).

Factual Resume—Page 2

sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.

To "facilitate" the commission of an offense means to make easier or less difficult, or to aid or assist in the commission of that offense.

To prove the offenses alleged in Count Four of the Superseding Information, charging a violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), that is, Possession of a Firearm by a Prohibited Person, the government must prove each of the following elements beyond a reasonable doubt:[4]

| | |
|---|---|
| *First*: | That the defendant knowingly possessed a firearm [ammunition] as charged; |
| *Second*: | That the defendant was an unlawful user of controlled substances as defined in 21 U.S.C. § 802; |
| *Third*: | That the defendant knew he was an unlawful user of controlled substances; |
| *Fourth*: | That the firearm [ammunition] possessed traveled in [affected] interstate [foreign] commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another [between any part of the United States and any other country]. |

To prove the offense alleged in Count Seven of the Superseding Information, charging a violation of 21 U.S.C. §§ 841 and 846, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, the government must prove each of the following elements beyond a reasonable doubt:[5]

| | |
|---|---|
| *First*: | That two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute amphetamine (Adderall), a Schedule II controlled substance; |

---

[4] Modified version of Fifth Circuit Pattern Jury Instruction 2.43D (5th. Cir. 2020).
[5] Fifth Circuit Pattern Jury Instruction 2.97 (5th Cir. 2020) modified to remove reference to the quantity.

*Second*: That the defendant knew of the unlawful purpose of the agreement;

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

*Fourth*: That the overall scope of the conspiracy involved amphetamine.

To prove the offense alleged in Count Eight of the Superseding Information, charging a violation of 18 U.S.C. § 875(c), that is, Interstate Transmission of Threatening Communications, the government must prove each of the following elements beyond a reasonable doubt:[6]

*First*: That the defendant knowingly sent [transmitted] a communication containing a threat to injure the person of another, as charged;

*Second*: That the defendant sent the communication with knowledge that it would be viewed as a threat; and

*Third*: That the communication was sent in interstate commerce.

A "threat" is a serious statement expressing an intent to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.

## STIPULATED FACTS

1. Philip Russell Archibald admits and agrees that starting on or about January 1, 2018, and continuing through on or about June 8, 2020, within the Northern District of Texas, and elsewhere, he knowingly and willfully combined, conspired, confederated, and agreed with Danielle Brooke Bocanegra, Brodi Ray Bocanegra, Jordan Lee Arnett

---

[6] Fifth Circuit Pattern Jury Instruction 2.39 (5th Cir. 2020) modified; *see also* Elonis v. United States, 575 U.S. 723, 135 S.Ct. 2001 (2015).

and others to distribute and possess with intent to distribute Schedule III controlled substances, that is, anabolic steroids, as defined in 21 U.S.C. § 802(41), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E)(i) and 846. Philip Archibald further admits and agrees that on or about May 31, 2019, in the Dallas Division of the Northern District of Texas, he did knowingly and intentionally possess with intent to distribute a Schedule III controlled substance, that is anabolic steroids, as defined in 21 U.S.C. § 802(41), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i) and 18 U.S.C. § 2. Additionally, Philip Archibald admits and agrees that between on or about May 31, 2019, and June 3, 2019, in the Dallas Division of the Northern District of Texas, and elsewhere, he did knowingly and intentionally use the United States Mail, a communication facility, in committing, causing and facilitating the commission of the felony controlled substance offense under 21 U.S.C. § 841(a)(1) charged in Count Two of the Superseding Information.

2. More specifically, Philip Archibald admits that between at least on or about January 1, 2018, and continuing through on or about June 8, 2020, he did possess with intent to distribute and distributed anabolic steroids to individuals located in the Northern District of Texas and elsewhere, e.g. Danielle and Brodi Bocanegra. When the conspiracy initially started, Archibald mailed the steroids to the Bocanegras and others from College Station, Texas, where Archibald lived at the time. In or about May 2019, Archibald moved from College Station to Lancaster, Texas, which is located in the Northern District of Texas ("NDTX"). Thereafter, Archibald began mailing the steroids from post offices located in the NDTX to the Bocanegras and others. During the course

of the conspiracy, Archibald mailed at least 12 shipments of anabolic steroids to the Bocanegras' residence. Brodi Bocanegra then transmitted money electronically to Archibald for the steroids Archibald shipped. Following delivery of the anabolic steroids at the Bocanegras' residence, Danielle Bocanegra redistributed and sold the steroids. The substances Archibald sold and shipped to the Bocanegras were tested and determined to be testosterone propionate, trenbolone acetate and trenbolone enanthate, which are anabolic steroids. One such shipment of anabolic steroids by Archibald from the NDTX occurred between on or about May 31, 2019 and June 3, 2019.

3. Philip Archibald further admits and agrees that on or about May 29, 2020, in the Dallas Division of the Northern District of Texas, he did knowingly and intentionally possess with intent to distribute a Schedule III controlled substance, that is anabolic steroids, as defined in 21 U.S.C. § 802(41), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E)(i) and 18 U.S.C. § 2. Archibald admits and agrees that between on or about May 26, 2020, and May 29, 2020, in the Dallas Division of the Northern District of Texas, and elsewhere, Jordan Lee Arnett did knowingly and intentionally use the United States Mail, a communication facility, in committing, causing and facilitating the commission of the felony controlled substance offense under 21 U.S.C. § 841(a)(1) charged in Count Five of the Superseding Information. During the course of the conspiracy charged in Count One of the Superseding Information, Archibald had multiple sources of supply for the anabolic steroids Archibald disturbed. One of Archibald's sources of supply was Jordan Lee Arnett.

4. Philip Archibald further admits and agrees that between on or about March 1, 2020, and on or about June 8, 2020, in the Northern District of Texas and elsewhere, Archibald and Jordan Lee Arnett, did knowingly and intentionally combine, conspire, confederate and agreed with each other and with other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute a Schedule II controlled substance, to-wit: Amphetamine (Adderall), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. More specifically, the evidence would show that between the aforementioned dates, Archibald communicated with Jordan Lee Arnett via electronic means and ordered Adderall, which is the Schedule II controlled substance Amphetamine, from Arnett. Thereafter, in or about May 2020, Jordan Lee Arnett shipped pills to Archibald's residence located in the NDTX. On or about June 8, 2020, the pills Arnett shipped were seized by law enforcement from Archibald's residence and determined to be approximately 530 tablets containing methamphetamine, that is 160.97 grams of Methamphetamine.

5. Philip Archibald further admits that between at least January 1, 2018 and June 8, 2020, he was an unlawful user of a controlled substance, as defined in 21 U.S.C. § 802, and did knowingly possess, in and affecting interstate and foreign commerce, firearms, to-wit: the Sun City Machinery Co. Model Stevens 320 12-gauge shotgun, bearing serial number 133766K; and the Smith & Wesson M&P Shield EZ 380 caliber handgun, bearing serial number RDN0810. Both firearms were manufactured outside the state of Texas. The defendant further admits that he also possessed the Matrix Aerospace Corporation Model MA-15 rifle, bearing serial number 556-05795 and the Nodak Spud

NDS-3 rifle, bearing serial number M003245 during this time period of his unlawful use of a controlled substance. That is, Philip Archibald admits that he has been continuously unlawfully using anabolic steroids between at least January 1, 2018 and June 8, 2020. Further, the defendant admits that between May 30, 2020 and June 8, 2020, he possessed an assortment of ammunition including: 5.56, 380 and 7.62x39 ammunition, in addition to the above identified firearms.

6. Philip Russell Archibald admits and agrees that between on or about May 28, 2020 and on or about May 31, 2020, in the Northern District of Texas, he did knowingly transmit in interstate commerce a communication containing a threat to injure the person of another, with knowledge that the communication would be viewed as a threat, in violation of 18 U.S.C. § 875(c).

7. More specifically, on August 28, 2020, Archibald posted a video on a social media platform where he encouraged his followers to "bring Heat" to St. Paul and Minneapolis, Minnesota. Archibald stated that "they're already requesting more ammo and everything, you know this is, this is the time we need to make a stand." In reference to the United States Army National Guard troops in Minnesota, Archibald warned his followers that, "National Guard is there, so bring major heat. Um, do not get into groups, find cover, and, um, strategize separately, you know, like this is going to have to be very, uh, guerilla warfare-ish, you know there's no way that you can take 'em in a group." Further on the same social media platform, on May 31, 2020, Philip Archibald posted the statement, "Get off the f[ . . ] internet go shoot pigs." The social media platform was located outside the state of Texas. And on the evening of May 31, 2020,

Archibald sent multiple text messages to his contacts about a man he believed to be the leader of a group in Texas and provided others with the individual's social media account. Archibald identified the individual as a group's leader and texted others saying, "We are gonna kill him." Archibald then sent another message saying, "We are gonna cut the head off the snake."

8. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One through Eight of the Superseding Information.

AGREED TO AND STIPULATED on this 27th day of April 2021.

_____
PHILIP RUSSELL ARCHIBALD
Defendant

_____
TIFFANY H. EGGERS
Assistant United States Attorney
Florida Bar No. 0193968
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8805
Email: Tiffany.Eggers@usdoj.gov

_____
JOHN OLIPHANT
Attorney for Defendant